UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

Nicholas Caputo, Esq. (NC-8500)
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
80 Campus Drive
South Kearny, New Jersey 07032
(973) 522-0766

Attorney for Plaintiff
Rocheux International of New Jersey, Inc.

---------------------------------------------------------------- x
                                     :
ROCHEUX INTERNATIONAL OF NEW       :
    JERSEY, INC., ,                              :   Hon. Garrett E. Brown, Jr., U.S.D.J.
                 Plaintiff,             :
                                       :   Civil Action No.: 06-6147
       -against-                    :
                                         :
U.S. MERCHANTS FINANCIAL GROUP, INC., U.S.   :
MERCHANTS, INC., a division of U.S. MERCHANTS  :
FINANCIAL GROUP, INC. d/b/a U.S. MERCHANTS    :
and/or THE MERCHANT OF TENNIS, THE         :
MERCHANT OF TENNIS INC., and DIVERSIFIED    :
REPACKAGING CORPORATION.,            :
                                         :
                 Defendants.          :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION CONCERNING
CONTRACTUAL INTEREST AND ATTORNEYS' FEES**

**Table of Contents**

Page

Preliminary Statement.................................................................................................1

Mistake of Fact ..........................................................................................................2

Argument ....................................................................................................................4

    Standards on a Motion for Reconsideration.............................................................4


I.    THERE WAS A MISTAKE OF FACT THAT AFFECTED THE OUTCOME
       OF THIS COURT'S DECISION TO DENY SUMMARY JUDGMENT TO
       ROCHEUX FOR CONTRACTUAL INTEREST AND ATTORNEYS' FEES. ...............4

Conclusion ................................................................................................................11

## Table of Authorities

Page

**Federal Cases**

*Altronics of Bethlehem, Inc. v. REPCO, Inc.*, 957 F.2d 1102 (3d Cir. 1992) ................................. 8

*Assisted Living Assocs. of Moorestown, LLC v.Moorestown Twp.*,
996 F. Supp. 409, (D.N.J. 1998) ................................................................... 4

*Horace Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)* ........................................ 4

*Step-Saver Data Systems, Inc. v. Wyse Technology*, 939 F.2d 91, (1991) ....................................... 7

*Union Carbide Corp. v. Oscar Meyers Foods Corp.*, 747 F.2d 1333 (7th Cir. 1991).................. 10

*Vulcan Automotive Equipment, Ltd. v. Global Marine Engine & Parts, Inc.*,
240 F. Supp. 2d. 156 (D. R.I. 2003).................................................................. 8

**State Cases**

*Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.*,
144 N.J. Super. 556, 336 A.2d 721 (1976) ........................................................ 10

*Tim Hennigan Co. v. Anthony A. Nunes, Inc.*, 437 A.2d 1355 (R.I. 1981)....................................... 8

**Preliminary Statement**

Rocheux respectfully submits this memorandum of law in support of its motion for reconsideration of this Court's September 29, 2010 order and memorandum opinion ("Opinion") on the limited issue that Rocheux should have been awarded interest at the rate of 1.5% per month on the outstanding balance and attorneys' fees under the contract as a matter of law. Based upon incomplete statements made by Defendants in their declarations, this Court was under the mistaken belief that Defendants "do not dispute that they received the first page of the Order Acknowledgments" (*i.e.,* the page that confirmed the order, but did not contain the terms and conditions, which was on the second page). (Opinion at p. 41). Relying on this mistake of fact, this Court found "that the Order Acknowledgments constituted written confirmations under § 2-207," (Opinion at p. 44), and concluded, therefore, that "the additional terms must derive from the Order Acknowledgment." (Opinion at p. 46).

As will be shown below, Defendants have consistently maintained that they never received any of the Order Acknowledgments (page 1 or page 2). That means that either Defendants received the Order Acknowledgments (page 2 of which contained the Terms and Conditions ("Page 2 Terms and Conditions")) or it did not, and, in either case, the result is identical--interest at 1.5% per month and attorneys' fees became part of the contract under UCC § 2-207. Put another way, if Defendants are correct that they never received the Page 2 Terms and Conditions, then the invoices, all of which contained terms for interest on the outstanding balance at 1.5% per month and attorneys' fees, govern. Conversely, if Rocheux is correct that Defendants received the Page 2 Terms and Conditions, which contained terms for interest at

1

1.5% per month and attorneys' fees, then those terms "became part of the contract." As such, there is no factual dispute to be tried by the jury. In fact, a trial on this issue would be a waste of judicial resources and expense. This court should grant Plaintiffs' motion for reconsideration, modifying the Order and Opinion to the limited extent of awarding Rocheux interest at the rate of 1.5% per month on the outstanding balance and attorneys' fees under the contract.

## Mistake of Fact

In the Opinion, this Court found that Defendants "do not dispute that they received the first page of the Order Acknowledgments." (Opinion p. 41). That was an incorrect statement of fact because, throughout this litigation, Defendants have maintained that they never received the Order Acknowledgments. Indeed, at the oral argument on this motion, Defendants' counsel argued that:

> Her [McRavin] affidavit says, we submitted our acknowledgements and terms and conditions, to the other side, submitted. We challenged that and said, we never seen him [them].

(Transcript of September 16, 2010 Oral Argument, page 56, lines 12-14, contained in Doc. No. 106).[1] Defendants' counsel even characterized Ms. McRavin's statement in her declaration that she sent the Order Acknowledgements as "a lie." (*Id.* at lines 8-11.)

---

1.     Reference to "Doc. No." and a number is to the respective docket number on this Court's electronic docket.

Further, Defendants' president, Jeffrie Green, testified at his March 11, 2008 deposition as follows:

> Q. . . . When you purchased PVC products – PVC, A-PET, and/or G/A/G – would the process begin by you issuing a purchase order to Rocheux?
> A. That would be correct.
> Q. And would Rocheux in turn issue an order confirmation or order acknowledgement?
> A. That they did not.
> Q. That never happened?
> A. That did not happen.

(Transcript of March 11, 2008 Deposition of Jeffrie Green, page 254, lines 9-17, attached to the accompanying declaration of Nicholas Caputo dated October 12, 2010 as Exhibit A.)

Again, in Defendants' Response to Rocheux's Statement of Undisputed Fact, Defendants disputed receipt of the Order Acknowledgments. (*See, e.g.,* paragraphs 21, 29, 33, 37, 48, and 60 of Rocheux's Statement of Undisputed Fact, and Defendants' Response thereto, contained in Doc. Nos. 88-2 and 92.2, respectively).[2]

---

2.　　In its Rule 56.1 Statement, Rocheux stated that it sent the Order Acknowledgements to Defendants and as evidence cited to the Order Acknowledgments, which were attached as exhibits to the McRavin Declaration.  Defendants disputed each statement that Defendants received an Order Acknowledgement from Rocheux.

Finally, Defendants did not produce a single Order Acknowledgement in discovery, despite the fact that Defendants produced more than 25,000 documents in this litigation.[3]

## Argument

**Standards on a Motion for Reconsideration**

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985) (quotations omitted). In a motion for reconsideration, which is governed by Local Civil Rule 7.1(i), the "moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the Court in reaching its prior decision." *Assisted Living Assocs. of Moorestown, LLC v. Moorestown Twp.,*996 F.Supp. 409, 442 (D.N.J. 1998).

I.   **THERE WAS A MISTAKE OF FACT THAT AFFECTED THE OUTCOME OF THIS COURT'S DECISION TO DENY SUMMARY JUDGMENT TO ROCHEUX FOR CONTRACTUAL INTEREST AND ATTORNEYS' FEES.**

This Court denied summary judgment to Rocheux on the interest and attorneys' fee components of the claim because this Court found that there was no dispute that Defendants received the <u>first</u> page of the Order Acknowledgments (but not the second), and given that the first page of the Order Acknowledgments constituted an acceptance of Defendants offers,

---

3. Throughout this case, Rocheux has consistently stated that Rocheux sent Defendants the Order Acknowledgements that were attached to the McRavin Declaration. In this motion, Rocheux is not changing that position or backing away from it in any way. Rather, as discussed below, whether Defendants received the Order Acknowledgements or not does not change the outcome because the Order Acknowledgments and the invoices both provide for contractual interest and attorneys' fees to Rocheux.

"Rocheux's subsequently-sent invoices that included different additional terms are of no moment under § 2-207." (Opinion at p. 41, 45.) However, Defendants have always denied receiving any of the Order Acknowledgements (page 1 and page 2). (*See* Mistake of Fact section, *supra*). Therefore, the finding that Defendants did not dispute receiving page 1 of the Order Acknowledgments was in error.[4]

This factual mistake affected the outcome because this Court based its decision to disregard the "subsequently-received invoices" on its finding that there was no dispute that Defendants received page 1 of the Order Acknowledgments. Just correcting this mistake eliminates any material factual dispute about receipt of the Page 2 Terms and Conditions given that whether Defendants received the Page 2 Terms and Conditions or not, the outcome is identical in either case. Here is why. Assuming that Rocheux is correct that the Order Acknowledgements (with the Page 2 Terms and Conditions) were received by Defendants, then, as a matter of law, the Terms and Conditions must govern because they were contained in a "definite and seasonable expression of acceptance," and the terms for interest and attorneys' fees contained therein "became part of the contract" under UCC § 2-207. Conversely, assuming that Defendants are correct that Defendants never received any of the Order Acknowledgments, then,

---

4.    This Court's finding was understandable given that Defendants' Declarations denied receiving the Page 2 Terms and Conditions, but were silent on whether they received the first page (*i.e.*, the actual Order Acknowledgement). (*See, e.g.*, Declaration of Jeffrie Green dated April 14, 2010 ¶ 21-22 ("I had never seen the Terms and Conditions page attached as page 2 in Exhibits F, I, L, O, R, Z, II, LL ... of the Declaration of Donna McRavin"); Declaration of Catalin Oprisian dated April 14, 2010 ¶ 6 ("I had never received or seen the Terms and Conditions page attached as page 2 in Exhibits F, I, L ... of the Declaration of Donna McRavin.") As is evident from Defendants' admissions above, however, Defendants have always denied receiving both pages of the Order Acknowledgments.

in that event, the Order Acknowledgements would have no affect, and the invoices were "written confirmations" and the terms for contractual interest and attorneys' fees therein "became part of the contract" under UCC § 2-207.[5] There is no factual issue for the jury to try because, as the following flow chart shows, either road leads to the same destination: interest at the rate of 1.5% per month and attorneys' fees became part of the contract:



_____

5.    Critically, this Court has already found that neither the term for 1.5% per month interest nor the term for attorneys' fees (including a provision fixing the attorneys' fee at 25% of the outstanding balance) materially altered the contract.

{00501184.DOC;5 }                                    6

To be sure, at trial if Rocheux were to stipulate to Defendants' proof that they never received any of the Order Acknowledgements, the terms in the invoices would govern.

It is worth noting that as to the contractual interest term, the Page 2 Terms and Conditions and the invoices are the same (*i.e.*, both provide for interest at the rate of 1.5% per month). There is no conflict. Nevertheless, even as to the attorneys' fee provision, there is no conflict because if the Page 2 Terms and Conditions were received by Defendants, then those terms govern and the "subsequently-received invoices" would be of no moment (so, in that case, the 25% attorneys' fees term would apply.) If, on the other hand, the Order Acknowledgements were never received by Defendants, then the attorneys' fee term in the invoices would govern, and since there would be a finding that Defendants did not receive the Page 2 Terms and Conditions, the purported conflict would be illusory.[6]

If this Court believes that a jury would need to determine whether the Page 2 Terms and Conditions were received in order to determine whether the 25% attorneys' fee term applies or the term for attorneys' fees in the invoices (not stipulated at 25% of the balance), Rocheux stipulates to accept the lesser of the two calculations, which will avoid a trial on that issue.

As this Court correctly pointed out in the Opinion, the majority of jurisdictions to address the issue have found that an invoice can constitute a "written confirmation" under UCC § 2-207. *See* citations at p. 42 of the Opinion. In the case of *Step-Saver Data Systems, Inc. v. Wyse Technology*, 939 F.2d 91, 104 (1991), the Third Circuit quoted the official comment to UCC § 2-207 to show that "even though a proposed deal has been closed," additional terms in a writing

---

6.      There is no possibility that the jury could find that only the first page of the Order Acknowledgements were received because neither party would be advocating that position.

can become part of the contract, and "courts have analyzed the effect of such writing under UCC § 2-207." *Id.* Even more compelling is the case of *Altronics of Bethlehem, Inc. v. REPCO, Inc.*, 957 F.2d 1102 (3d Cir. 1992), in which the Third Circuit relied on UCC § 2-207 and enforced the terms contained in the seller's invoice. In addition to these Third Circuit cases, and the authority cited by this Court in the Opinion, a multitude of cases support the well-settled holding that terms stated on a seller's invoice become part of the parties' contract. *See, e.g., Tim Hennigan Co. v. Anthony A. Nunes, Inc.*, 437 A.2d 1355 (R.I. 1981) (holding that, pursuant to UCC § 2-207, the interest terms stated in plaintiff's invoices became part of the parties' contract); *Vulcan Automotive Equipment, Ltd. v. Global Marine Engine & Parts, Inc.*, 240 F. Supp. 2d. 156 (D.R.I. 2003) (following the holding in the *Tim Hennigan* case, *supra*, and finding that, pursuant to UCC § 2-207 and the commentary thereto, the 1.5% service charge stated in plaintiff's post-delivery invoices became part of the parties' contract in a writing).[7]

---

7.    In the Opinion, as support for the "minority" view, this Court cited a 1982 federal case and a section in White and Sommers, which treatise did not mention the numerous cases cited above that have held that an invoice may be a "written confirmation" under UCC § 2-207. The only case cited for this proposition in White and Sommers was *Wheaton Glass Co. v. Pharmacy, Inc.*, 548 F. Supp. 1247 (D.N.J. 1982). However, the *Wheatan Glass* case does not support Defendants' position because in that case, the Court did in fact analyze whether the invoice materially altered the contract, even though the Court accepted for purposes of argument that the invoice was sent after the offer was accepted. Had the *Wheaton Glass* case held that an invoice could not be considered a written confirmation under UCC §2-207, the materiality discussion would have been unnecessary.

{00501184.DOC;5 }

8

The entire purpose behind UCC § 2-207 is to allow additional terms that come in a "written confirmation" to be added to the contract between merchants. To be sure, if the only documents that counted were documents that were sent prior to, or at the time of acceptance, UCC §2-207 would be superfious. Further, UCC § 2-207 identifies two different types of writings that may provide additional terms (1) "a definite and seasonable expression of acceptance;" and (2) a "written confirmation which is sent within a reasonable time." If Defendants were correct that the Court could consider only the terms contained the "definite and seasonable expression of acceptance," there would have been no need for the Code to allow additional terms to be contained in a "written confirmation" sent within a reasonable time. By definition, an invoice for the sale of goods is sent after shipment because the invoice confirms shipment and informs the purchaser how much is owed for the goods. If Defendants' argument-- that a document sent after an offer is accepted can never add additional terms-- terms in an invoice could never be considered part of the contract, which is clearly not the law.

Finally, Defendants' receipt of 611 invoices over a 6-year period, all of which contained a term for interest at 1.5% per month and attorneys' fees, means that these terms became part of the contract. By the time Defendants decided in early 2006 that they were not going to pay for the more than $2,500,000 worth of goods that they had ordered, Defendants had already received more than 500 prior invoices (611 invoices counting those received in 2006), all of which informed Defendants that they were liable for interest and attorneys' fees if Defendants did not pay Rocheux. This Court has already held that Defendants cannot claim surprise given this 6-year course of dealing. In its motion for summary judgment, Rocheux cited to *Union Carbide*

*Corp. v. Oscar Meyers Foods Corp.*, 747 F.2d 1333 (7th Cir. 1991), to establish that the 611 invoices alone justified enforcing the terms of the invoice.

In the Opinion, this Court cited to the Third Circuit *Step Saver* case (discussed, *supra; see* Opinion, p. 46), for the proposition that the New Jersey courts would reject the contention that Defendants' acceptance of more than 600 invoices over a 5-year period, all of which contained the same interest and attorneys' fees terms, did not, standing alone, mean these terms became part of the contract. This Court recognized that the *Step Saver* case applied Pennsylvania law, but found no reason why *Step Saver* would not represent New Jersey law on this issue. In *Loizeaux Builders Supply Co. v. Donald B. Ludwig Co.*, 144 N.J. Super. 556, 336 A.2d 721 (1976), however, the New Jersey courts held that the receipt without objection of invoices that contained additional terms binds a merchant purchaser to those terms. The Court stated that the "defendant was alerted to … the additional charges at the time he received his first invoice from plaintiff, which contained an itemization of the [ ] additional charges. If defendant disagreed with these charges, it was free to cease ordering its supplies from plaintiff." *Id.* (citing UCC § 2-208); *see also* UCC § 2-208 ("[w]here the contract for sale involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection shall be relevant to determine the meaning of the agreement.") Under the *Loizeaux* holding, the terms stated on Rocheux's 611 invoices, which Defendants admit they received over 6 years, became part of the parties' contract. *Step Saver*, which applied Pennsylvania law, does not militate a different result and is not consistent with New Jersey law on this issue.

## Conclusion

Simply put, whether Defendant received the Terms and Conditions or not, the exact same result is achieved – the interest and attorneys' fees terms became part of the contract.  If the Page 2 Terms and Conditions were received by Defendants, then Defendants are bound by them.  On the other hand, if Defendants did not receive the Page 2 Terms and Conditions, then the terms in the invoices govern.  For the foregoing reasons, this Court should grant Rocheux's motion for reconsideration to the limited extent of awarding Rocheux interest on the outstanding balance at the rate at 1.5% per month, together with its attorneys' fees.

Dated:  October 13, 2010

Respectfully submitted,

ROBINSON BROG LEINWAND
  GREENE GENOVESE & GLUCK, P.C.
*Attorney for Plaintiff*

By:  _____
        Nicholas Caputo