ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

A NEW YORK PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

8 HACKENSACK AVENUE

SOUTH KEARNY, NEW JERSEY 07032

(973) 522-0766

FAX (973) 344-8861

NEW YORK OFFICE:
875 THIRD AVENUE
NEW YORK, NY 10022-0123
(212) 603-6300
FAX (212) 956-2164

November 22, 2010

**Via ELECTRONIC FILING**

Hon. Garrett E. Brown, Jr., Chief Judge
U.S. District Court – District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:  **Rocheux International of New Jersey, Inc. v.
U.S. Merchants Financial Group, Inc., *et al.*
Docket No.: 06-cv-6147**

Dear Chief Judge Brown:

    We represent Rocheux International of New Jersey, Inc. ("Rocheux") in the above-referenced matter, and we respond to Mr. McMahon's November 19, 2010 letter to the Court.

    On November 4, 2010 – nearly two weeks before the November 15th return date of Rocheux's motion for reconsideration, Rocheux requested permission to submit a reply brief. Defendants did not oppose Rocheux's request in any way. Having received no objection from Defendants to the request to submit a reply brief, nor an order from the court, Rocheux submitted its proposed reply brief on November 12, 2010 – prior to the return date of the motion. In my cover letter to the Court accompanying the proposed brief, I renewed Rocheux's request for the Court to consider the reply brief on the motion. Since the brief was only argument, Rocheux trusted that this Court would decide whether to consider the reply brief or not. That was apparent to everyone.

    Now, one week after Rocheux filed the reply brief, Defendants object to the brief (and have the temerity to claim that Rocheux did something improper by submitting the brief for the Court's consideration.) Defendants apparently believe that Rocheux should

{00507738.DOC;4 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Hon. Garrett E. Brown, Jr., Chief Judge
November 29, 2010
Page 2

have waited until <u>after</u> the return date of the motion to submit the proposed reply brief. Further, Defendants ask this court to disregard Rocheux's reply brief even though they have not disputed the fact that they changed the line spacing and the font of their opposition brief to avoid having this brief exceed the page limit permitted by the Local Civil Rules.

It is respectfully submitted that the purpose of the McMahon letter was not only to cast aspersions on Rocheux, but also to address the merits of the motion for reconsideration with the Court. To be sure, the last paragraph of Mr. McMahon's November 19, 2010 letter sets forth a number of arguments in opposition to Rocheux's motion.[1]

Defendants' November 19, 2010 letter is indicative of their effort to unnecessarily protract and delay this litigation and consequently to avoid paying Rocheux for goods sold nearly 5 years ago. In the Opinion, this Court recognized the "protected nature of this litigation," and it is particularly relevant that the present motion for reconsideration relates to Rocheux's claims for interest and attorneys' fees. Defendants' request to submit a sur-reply on the present motion should be denied.

Thank you for your consideration to this matter.

Respectfully submitted,

Nicholas Caputo

NC:pc

cc: Brian McMahon, Esq.
    Brian McAlindin, Esq.

---

[1] This is not an isolated instance. This court will recall that Defendants submitted an unauthorized reply on their supplemental submission in support of the loss credits. In the September 29, 2010 Opinion, this Court allowed Defendants to submit supplemental papers and permitted Rocheux 15 days to respond to Defendants' supplemental papers (no reply was provided). <u>Without</u> seeking this Court's permission, Defendants submitted a November 1, 2010 letter to the Court, in which Defendants argued the merits at length but never sought permission from the Court to submit the reply.

{00507738.DOC;4 }